IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CLAUDE R. KNIGHT and
CLAUDIA STEVENS, individually
and as Personal Representatives of
the Estate of Betty Erelene Knight, deceased,

       Plaintiffs,

v.            CIVIL ACTION NO. 3:15-6424

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.

       Defendant.

**ORDER**

Plaintiffs have moved for a protective order and objected to Defendant's cross-notice of deposition of Thomas J. Moore, the Custodian of Records, Drug Safety Research. *See Pls.' Mot. for Protective Order*, ECF. No 136. This motion is **GRANTED**.

Trial in the above captioned case is currently scheduled for October 1, 2018, thirty-three days from the date of this Order, and the deadline for discovery requests and depositions occurred on June 15, 2017, over one year ago. ECF No. 117; ECF No. 36. Despite these facts, this Court has recently been notified of a deposition to take place for this case today. In contravention of the Local Rules, this Court was not notified of the deposition by Defendant, the party seeking to conduct the deposition, but by Plaintiffs.

Pursuant to this Court's Local Rules of Civil Procedure, "[a]fter the opportunities for discovery pursuant to the Federal Rules of Civil Procedure, stipulation of the parties, or order have been exhausted, any requests that the parties may make for additional depositions, interrogatories,

or requests for admissions shall be by *discovery motion*." L.R. Civ. P. 26. 1(c) (emphasis added). Given that the opportunity to depose a non-expert witness expired more than one year ago on June 15, 2017, if Defendant seeks to take a deposition of a non-expert witness for this case—which it now attempts to do—a discovery motion must be filed. Defendant has yet to submit any discovery motion, and this fact alone gives this Court the power to enter a protective order denying Defendant the opportunity to depose a non-expert witness.

It is noteworthy that in Defendant's opposition to Plaintiffs' motion, Defendant never disputes that it failed to follow procedural rules. *See Def.'s Opp. to Pls.' Mot. for Protective Order*, ECF No. 137. Instead, Defendant attempts to argue that, on the merits, it should prevail. *See Def.'s Opp. to Pls.' Mot. for Protective Order*, at 6-10. Even if this Court were to forgive Defendant's failure to file a discovery motion, and entertain arguments on the merits, Defendant still would not be permitted to conduct the deposition for this case. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the right to conduct discovery after the deadline set by the Scheduling Order may be modified only for "good cause." F.R.C.P. 16(b)(4). Good cause does not exist in this case. As Plaintiffs point out in their Reply, Defendant did not secure a subpoena to depose the subjects at issue until October 24, 2017, more than four months after Fact Discovery ended in this case. *Def.'s Opp. to Pls.' Mot. for Protective Order*, at 4; *Pls.' Mot. for Protective Order*, at 2. Additionally, it took Defendant ten months from the date it obtained a subpoena for the deposition before it emailed Plaintiffs notice. *Pls.' Mot. for Protective Order*, at 2. Additionally, Plaintiffs would be unduly burdened by Defendant's request for this last-minute change in the Scheduling Order, as discovery ended over one year ago, and trial is scheduled only thirty-three days from now. This decision to enforce the discovery deadline is within this Court's direction. *See Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 369 (4th Cir. 1986) ("A trial court's discretion to exclude evidence on the

ground that it is outside the scope of its pre-trial order is broad . . . ."). For the aforementioned reasons, Plaintiffs' Motion for a Protective Order and Objection to Defendant's Cross-Notice of Deposition is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 29, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE