IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CLAUDE R. KNIGHT and
CLAUDIA STEVENS, individually
and as Personal Representatives of
the Estate of Betty Erelene Knight, deceased,

                Plaintiffs,

v.                                             CIVIL ACTION NO. 3:15-6424

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Preclude Argument Based on Undisclosed Medical Records. ECF No. 148. For the reasons stated below, the Court **DENIES** Defendant's Motion.

Decedent Betty Knight began taking the prescription drug warfarin on March 28, 2005. *Def.'s Mot. to Preclude Argument*, at 2. Four separate doctors provided warfarin to Ms. Knight between 2005 and 2007, and Defendant formally requested all medical records for the 10 years preceding Ms. Knight's death concerning any condition that Plaintiffs claim is related to the use of Pradaxa. *Id.* In response, Plaintiffs produced all relevant medical records in its possession to Defendant. *Id.* However, Plaintiffs did not provide any records from 2005 through 2007, including from the four providers who prescribed warfarin to Ms. Knight during that time, because such records were not in Plaintiffs' possession. *See id.* Plaintiffs will seek to argue at trial that Ms. Knight suffered no bleeding while she was on warfarin, and it is Defendant's position that Plaintiffs

should be precluded from making this argument because Plaintiffs failed to collect the medical records that would have proven or disproven that fact. *Id.*; *Def.'s Reply in Supp. of Mot. to Preclude Argument*, ECF No. 154, at 1. The Court disagrees.

Plaintiffs merely intend to "present evidence to the jury that Ms. Knight did not suffer a bleed while on warfarin" which is "consistent with the evidence and was explored with almost every witness in this case during deposition discovery." *Pls.' Resp. in Opp.*, ECF No. 151, at 3. Additionally, Plaintiffs have given Defendant all of the responsive documents within their control, and do not have an affirmative duty to provide Defendant with documents or evidence that it does not possess. The Court will not preclude a question of fact—whether or not Ms. Knight suffered a bleed on warfarin—from going to the jury, which is exactly what Defendant is asking. However, while Defendant may not argue to the jury that Plaintiffs are at fault for not obtaining additional evidence, Defendant retains the right to cross-examine Plaintiffs' witnesses about the basis of their testimony. Therefore, for the above reasons, the Court denies Defendant's Motion to Preclude Argument Based on Undisclosed Medical Records.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 2, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE